FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jul 16, 2026
OFFICE OF THE CLERK



# UNITED STATES DISTRICT COURT

for the

Western District of Arkansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Content and Information Contained in Google Email Address: john.reederjpsmh@gmail.com That is Stored at Premises Owned, Maintained, Controlled, or Operated by Google, LLC.

Case No. 5:26-cm-109

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the Northern District of California, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ______ days *(give exact ending date if more than 30 days:* ____________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Allishia Solley
*Applicant's signature*

Allishia Solley, HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: July 16, 2026 @ 2:03pm

Christy Comstock
*Judge's signature*

City and state: Fayetteville, Arkansas

Hon. Christy Comstock, Chief U.S. Magistrate Judge
*Printed name and title*

**Affidavit in Support of Application for Search Warrant**

I, Allishia Solley, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), currently assigned to the Assistant Special Agent in Charge Office in Fayetteville, Arkansas. I have been employed with HSI since December 2025. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, online enticement, transportation, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2251A, 2422(b), 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have also participated in the execution of numerous searches, search warrants, and arrest warrants, a number of which involved child exploitation and/or child pornography offenses. This affidavit is being submitted based on information from my own investigative efforts as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

2. This Affidavit is being submitted in support of an application for a search warrant for information associated with the following Gmail account: **john.reederjpsmh@gmail.com**. As such, it does not include all of the information known to me as part of this investigation, but only information sufficient to establish probable cause for the requested search warrant.

**Statutory Authority**

3. This investigation concerns alleged violations of Title 18, United States Code, Section 2251(a), Sexual Exploitation of a Child via Production of Child Pornography, and Section

2252A(a)(5)(B), Possession of Child Pornography, relating to material involving the sexual exploitation of minors, which has been defined in Title 18 United States Code, Section 2256, as an individual under 18 years of age.

a) Title 18, United States Code, Section 2251(a) prohibits a person from employing, using, persuading, inducing, enticing or coercing any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or the purpose of transmitting a live visual depiction of such conduct.

b) Title 18, United States Code, Section 2252A(a)(5)(B) prohibits a person from knowingly possessing or knowingly accessing with intent to view, any book, magazine, periodical, film, video-tape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

c) The term "minor," as defined in Title 18, United States Code, Section 2256(1), refers to any person under the age of eighteen years.

d) The term "sexually explicit conduct," Title 18, United States Code, Sections2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between

persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

e) The term "visual depiction," as defined in Title 18, United States Code, Section2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

f) The term "computer," as defined in Title 18 United States Code, Section 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

g) The term "child pornography," as defined in Title 18, United States Code, Section 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (a) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (b) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (c) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

## Background Regarding Google

4. Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Google is headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

5. When individuals register with Google for a Google Account, Google asks users to provide certain personal identifying information, including the user's full name, telephone number, birthday, and gender. If a user is paying for services, the user must also provide a physical address and means and source of payment.

6. Google typically retains and can provide certain transactional information about the creation and use of each account on its system. Google captures the date on which the account was created, the length of service, log-in times and durations, the types of services utilized by the Google Account, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's website or using a mobile application), details about the devices used to access the account, and other log files that reflect usage of the account. In addition, Google keeps records of the Internet Protocol ("IP") addresses used to register the account and accept Google's terms of service, as well as the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the Google Account.

7. Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a

communication or file from their Google Account, it may continue to be available on Google's servers for a certain period of time.

8. Further, I am aware that the computers located at Google properties contain information and other stored electronic communications belonging to unrelated third parties. Accordingly, this affidavit and application for search warrant seeks authorization to seize the records and information specified in Attachment B. Based on my research, I have learned the following about Google mail (Gmail):

a. It is an email service which is available free of charge to Internet users.

b. Subscribers obtain an account by registering on the Internet through the Google.com webpage. Google requests subscribers to provide basic information, such as name, gender, zip code and other personal/biographical information. However, Google does not verify the information provided.

c. Google maintains electronic records pertaining to the individuals and companies for which they maintain subscriber accounts. These records include account access information, email transaction information, and account application information.

d. Subscribers to Google may access their accounts on servers maintained and/or owned by Google from any computer connected to the Internet located anywhere in the world.

e. Any email that is sent to a Google subscriber is stored in a subscriber's folder directory identified as "Gmail," which is located on Google's servers until the subscriber deletes the email or the subscriber's mailbox exceeds the storage limits preset by Google. If the message is not deleted by the subscriber, the account is

below the maximum limit, and the subscriber accesses the account periodically, that message can remain on Google's servers indefinitely.

f. When the subscriber sends an email, it is initiated through the user's electronic media device, transferred via the Internet to Google's servers, and then transmitted to its end destination. Google users have the option of saving a copy of the email sent and the email will be stored in the user's folder directory known as "sent." The user can also save the email by using "labels" that they themselves can create in the Google server. Accordingly, unless the sender of the email specifically deletes the email from the Google server, the email can remain on the system indefinitely. The sender can delete the stored email message thereby eliminating it from the email account maintained on Google's server.

g. A Google subscriber can store files, including emails and image files, on servers maintained and/or owned by Google.

h. A subscriber to Google may not be able to save copies of these direct emails on his/her home computer; however, they can open and store attachments to the e-mails to include documents and image files stored in his/her Google account. The subscriber may also store emails and/or other files on the Google server for which there is insufficient storage space on the subscriber's electronic media device and/or which he/she does not wish to maintain in the computer in his/her residence. As such, a search of the files on the computer in the subscriber's residence will not necessarily uncover the files that the subscriber has stored on the Google server.

## Summary of Investigation to Date

9. On April 25, 2026, officers with the Farmington Police Department (FPD) responded to a call in which a woman had located nude photographs of her 17-year-old daughter on her husband's (John REEDER) tablet. REEDER was advised of his Miranda Rights and agreed to speak with FPD about the incident.

10. REEDER admitted to taking nude photographs of his 17-year-old stepdaughter, approximately three weeks prior, for masturbation purposes. REEDER also admitted to taking a video of the minor getting out of the shower. REEDER stated he was able to take the photographs/video by putting his cellphone under the bathroom door. REEDER attempted to photograph the minor again on April 25, 2026; however, she saw the phone and told her mother. REEDER said he immediately deleted the video so that no one would find it.

11. REEDER explained that he took the photographs and video with his cellphone but later emailed the media to himself, using john.reederjpsmh.gmail.com, so he could review it on the tablet. REEDER provided consent for FPD to search his Samsung Galaxy S25+ cellphone and a Samsung Galaxy Tab A9+ tablet. While manually reviewing the tablet, officers located thirteen nude photographs of the minor under the "My Files" section. The photographs were dated April 9, 2026, at 0750. Officers also located a video, dated April 17, 2026, at 1609, of the minor getting out of the shower. On April 25, 2026, the cellphone and tablet were put into "airplane mode" and transferred into FPD custody as evidence. On May 28, 2026, the devices were transferred to HSI and, on June 3, 2026, a federal search warrant was obtained.

12. On June 4, 2026, HSI completed forensic analysis on the cellphone and tablet using Cellebrite technology. While reviewing the extraction reports, your affiant located images and videos depicting child sexual abuse material, consistent with the material previously reported and

identified by FPD. Additionally, REEDER's john.reederjpsmh@gmail.com account was also logged into both devices; however, your affiant was unable to locate the specific emails REEDER reportedly sent to transfer the media from his cellphone to his tablet.

**Conclusion**

13. Based on the foregoing information, probable cause exists to believe there is located within the john.reederjpsmh@gmail.com email account, evidence of violations of Title 18, United States Code, Section 2251(a) and 2252A(a)(5)(B). Your Affiant prays upon her honorable court to issue a search warrant for the john.reederjpsmh@gmail.com email account for the items set forth in attachment "B" (which is attached hereto and incorporated herein by reference), that constitute evidence, fruits, and instrumentalities of violation of Title 18, United States Code, Section 2251(a) and 2252A(a)(5)(B).

Allishia Solley
______________________________
Allishia Solley, Special Agent
Homeland Security Investigations

Affidavit subscribed and sworn to before me this 16th day of July 2026

Christy Comstock
______________________________
Honorable Christy D. Comstock
Chief United States Magistrate Judge

**ATTACHMENT A**
**DESCRIPTION OF PROPERTY TO BE SEARCHED**

This warrant applies to information associated with the following electronic mail address and individual Google account:

- john.reederjpsmh@gmail.com, associated with John REEDER.

The information being sought is stored at the premises owned, maintained or operated by Google LLC (Google), headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

**ATTACHMENT B**
**ITEMS TO BE SEARCHED FOR AND SEIZED**

Evidence of violations of 18 U.S.C. Section 2251(a) and 2252A(a)(5)(B) including the following:

a. Any and all images of suspected child pornography and files containing images of suspected child pornography, any and all images believed to be an attempt to produce child pornography, in any form wherever it may be stored or found including, but not limited to:

i. originals, thumbnails, and copies of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

ii. videos (AKA motion pictures, films, film negatives), and other recordings or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

iii. Images self-produced of the defendant and minors, and attempts to take or produce such.

iv. Images of children, nude or otherwise, possessed, sent, received, or via message, email, or otherwise stored on the phone.

b. Information or correspondence pertaining the sexual exploitation of children or the trade of sexual explicit images of minors, including but not limited to:

i. correspondence including, but not limited to, electronic mail, chat logs, and electronic messages, establishing possession, identity of individuals, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

ii. records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission through interstate or foreign commerce including by United States mail or by computer of any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

iii. Any and all address lists, names, contact information of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256; and/or any information evidencing contact or correspondence with minors or adults in whatever form.

iv. Any and all chat log, messages, email, or any type of communication in any form that is related to the sexual exploitation of minors for sexual purposes or related to the production, distribution or possession of child pornography.

c. records evidencing ownership of the subject item

e. Any and all address lists, names, contact information of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256; and/or any information evidencing contact or correspondence with minors or adults in whatever form.

f. Any and all recordings, including those made by the defendant, minors, or others that depicts the defendant, or others engaging in sexually explicit conduct of any type or that depicts the defendant or others that aid in showing the ownership/use of the devices at issue.

g. In searching the data, the computer personnel may examine and copy all of the data contained in the subject item to view their precise contents and determine whether the data falls within the items to be seized. In addition, the examining personnel may search for and attempt to recover deleted, hidden, or encrypted data to determine whether the data falls within the list of items to be seized.